# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CEDRIC DAVIS, | ) |
| Petitioner, | ) |
| v. | ) No. 14-2069-STA-tmp |
| JEERY LESTER, Warden, | ) |
| Respondent. | ) |

**ORDER GRANTING RESPONDENT'S SECOND MOTION TO DISMISS**
**(ECF No. 23)**
**ORDER DENYING RESPONDENT'S INITIAL MOTION TO DISMISS**
**(ECF No. 14)**
**ORDER DENYING PRO SE MOTION TO PRODUCE**
**(ECF No. 13)**
**ORDER DENYING PRO SE MOTION FOR SANCTIONS**
**(ECF No. 16)**
**ORDER DENYING PRO SE MOTION FOR DEFAULT JUDGMENT**
**(ECF No. 18)**
**ORDER DENYING PRO SE MOTION DEMANDING RULING**
**(ECF No. 22)**
**ORDER DENYING PRO SE MOTION TO REVIEW RESPONDENT'S MOTION TO SUBSTITUTE COUNSEL**
**(ECF No. 28)**
**ORDER OF DISMISSAL**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is Respondent Jerry Lester's second Motion to Dismiss (ECF No. 23) filed on August 23, 2014. For the reasons set forth below, Respondent's second Motion to Dismiss is **GRANTED**. Respondent's initial Motion to Dismiss as well as Petitioner's Motion to Produce, Motion for Sanctions, Motion for Default Judgment, Motion Demanding for

Judgment on Rule 11 Sanctions, and Motion to Review Respondent's Motion to Substitute Counsel are all **DENIED** as moot.

## BACKGROUND

I. **State Court Procedural History**

Petitioner Cedric Davis, Tennessee Department of Correction ("TDOC") prisoner number 477744, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, pleaded guilty to one count of unlawful possession of a controlled substance with the intent to sell in violation of Tenn. Code Ann. § 39-17-417. (ECF No. 25-3, Judgment, Page ID 2103.) On September 23, 2010, the Shelby County Criminal Court sentenced Petitioner to an effective sentence of 10 years imprisonment to be served as a "community corrections" sentence under the Tennessee Community Corrections Act, Tenn. Code Ann. § 40-36-101 *et seq*. (*Id.*) Petitioner asserts that he appealed his conviction but that the Tennessee Court of Criminal Appeals gave him "no response." (ECF No. 1, Petition.) Petitioner has not produced a copy of his Notice of Appeal, and no such filing appears in the record of his state court proceedings. According to Respondent, Petitioner did not file an appeal.

On September 19, 2013, the trial court revoked Petitioner's community corrections sentence and resentenced the Petitioner to 10 years incarceration. (ECF No. 25-3, Order Denying Habeas Petition, Page ID. 2079.) Petitioner filed a petition for writ of habeas corpus with the Shelby County Criminal Court on December 18, 2013. (ECF No. 1-2, State Habeas Petition, Page ID 27-33.) In support of his habeas petition, Petitioner argued that the trial court lacked jurisdiction because the criminal charge against him did not allege the correct code section. (*Id.* at 32.) The Shelby County Criminal Court denied the petition by order dated January 9, 2014. (ECF No. 25-3, Order Denying Habeas Petition, Page ID. 2079-82.) The trial

2

court noted in its order that Petitioner was originally sentenced to an effective term of 10 years imprisonment but that the court had permitted Petitioner to serve his sentence "under the conditions of the community corrections act." (*Id.* at 2079.) The trial court rejected Petitioner's legal claim and concluded that it had jurisdiction to enter its judgment. Petitioner filed a motion for writ of mandamus with the Tennessee Court of Criminal Appeals, which was denied February 3, 2014. (ECF No. 25-3, Order, Page ID 2085.) The record does not show that Petitioner ever appealed the final order of the Shelby County Criminal Court, denying his habeas petition.

## II.    Federal Habeas Procedural History

On January 28, 2014, Petitioner filed a *pro se* petition pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner paid the habeas filing fee. (ECF No. 2.) On April 21, 2014, the Court granted Petitioner's motion to supplement his petition and directed Respondent to respond. (ECF No. 8.) On May 5, 2014, the Court granted Respondent an extension of time to file his response. (ECF No. 11.) In the mean time, Petitioner filed a Motion to Produce the Nature and Cause of the Accusation (ECF No. 13) on May 21, 2014, which remains pending before the Court. On June 4, 2014, Respondent filed a Motion to Dismiss (ECF No. 14) as well as the state court record (ECF No. 15) in Petitioner's case. Respondent argued that Petitioner's claim was now time-barred by the one-year statute of limitations.

On July 11, 2014, Petitioner filed a Motion for Sanctions (ECF No. 16) against the state of Tennessee, requesting monetary sanctions in the amount of $7 billion dollars. Petitioner argued that the Office of the Attorney General maliciously filed the wrong state court record with the Court. According to Petitioner, the record pertained to another prisoner also named Cedric Davis, TDOC inmate no. 134732. Petitioner also filed a reply in support of his habeas

motion and a Motion for Default Judgment and demand for judgment under Federal Rules of Civil Procedure 54 and 55 (ECF No. 18) on July 14, 2014.

On July 24, 2014, Respondent filed a response in opposition (ECF No. 19) to Petitioner's Motion for Sanctions, conceding that the Office of the Attorney General had filed the state court record for the wrong Cedric Davis. However, Respondent argued that Petitioner was not entitled to relief under Rule 11 of the Federal Rules of Civil Procedure because Petitioner had not satisfied all of the safe harbor provisions of the rule. The same day Respondent also filed a motion for leave to file a supplemental response (ECF No. 20) to correct the error from its initial Motion to Dismiss and address the merits of the claims made by Petitioner. The Court granted Respondent's motion by order dated July 28, 2014. On August 11, 2014, Petitioner filed a Motion Demanding Judgment on the Rule 11 Sanctions (ECF No. 22), which remains pending before the Court.

On August 20, 2014, Respondent filed a second Motion to Dismiss (ECF No. 23), again arguing that the petition was time-barred under the one-year statute of limitations. Respondent also filed a memorandum in support (ECF No. 24) and the correct state court record (ECF No. 25) for Petitioner. On September 5, 2014, the Court granted Respondent's motion to substitute counsel. (ECF No. 27.) Petitioner filed a Motion to Review the Respondent's Motion to Substitute Counsel (ECF No. 28) on September 18, 2014, stating that he had not received a copy of the motion to substitute and requesting that the Court require counsel for Respondent to make all motions under oath.

### III. Petitioner's Claim and the Motion to Dismiss

Petitioner raises only one claim in his § 2254 petition: that the code section he violated and forming the basis of his offense of conviction is not actually found in the Tennessee Code

Annotated. (ECF No. 1, Petition, Page ID 2.) Respondent's second Motion to Dismiss argues that the petition is time barred by the one-year statute of limitations at 28 U.S.C. § 2244(d).

## STANDARD OF REVIEW

Federal courts have the authority to issue habeas corpus relief for persons in state custody under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[1] The relevant statute of limitations is 28 U.S.C. § 2244(d), which provides

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[2]

---

[1] 28 U.S.C. § 2254(a).

[2] § 2244(d).

## ANALYSIS

I.  **Timeliness of the Habeas Petition**

Respondent's Motion to Dismiss simply argues that Petitioner's habeas claim is now barred by AEDPA's one-year statute of limitations. The record shows that the Shelby County Criminal Court entered its judgment against Petitioner on September 23, 2010. Tennessee Rule of Appellate Procedure 4(a) specifies that a party must file its notice of appeal within 30 days of the entry of the judgment being appealed.[3] As previously mentioned, there is no evidence that Petitioner ever appealed his initial community corrections sentence. In terms of AEDPA, the "expiration of the time for seeking [direct] review" was 30 days after the entry of the judgment against Petitioner on September 23, 2010. Because Petitioner never appealed his initial community corrections sentence, Petitioner's conviction became final 30 days after entry of judgment, that is, on October 23, 2010. AEDPA's one-year statute of limitations for the filing of his federal habeas corpus petition thus commenced on that date and expired on October 23, 2011. Petitioner did not file his habeas petition attacking his initial community correction sentence until January 28, 2014, more than two years after the limitations period had expired. Therefore, Petitioner's habeas claim as to his initial community corrections sentence is now time-barred.

Although neither party has raised the issue, the Court pauses to note that Petitioner's initial sentence was a community corrections sentence, not a term of incarceration. The Community Corrections Act of 1985 established an "alternative to incarceration" for "selected, nonviolent felony offenders."[4] The Tennessee Supreme Court has observed that community

---

[3] Tenn. R. App. P. 4(a); *State v. Green,* 106 S.W.3d 646, 650 (Tenn. 2003) (holding under Tennessee law that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence").

[4] Tenn. Code Ann. § 40-36-103.

corrections sentencing "is designed to provide a flexible alternative that can be of benefit both to the defendant and to society."[5] Under the Community Corrections Act, "the sentencing of a defendant to a community based alternative to incarceration is not final . . . ."[6] Where a trial court imposes a community corrections sentence, the court "retain[s] the authority to alter or amend at any time the length, terms or conditions of the sentence imposed" as well as revoke a community corrections sentence outright.[7] This means the trial court may revisit its initial sentence "at any time due to the conduct of the defendant" and resentence the defendant to "a new and longer sentence than had initially been ordered."[8] As such, a "defendant sentenced under the [Community Corrections Act] has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed."[9] In this case the Shelby County Criminal Court revoked Petitioner's community corrections sentence and resentenced Petitioner to a term of 10 years incarceration in September 2013.

The question then is whether the clock for Petitioner's petition for federal habeas relief ran from the time his initial, community corrections sentence became final in 2010 or from the time the revocation of that sentence and his resentencing to a term of imprisonment became final in 2013. No decision of any court applying Tennessee law to a habeas claim under 28 U.S.C. §

---

[5] *State v. Griffith,* 787 S.W.2d 340, 342 (Tenn. 1990).

[6] *Id.*

[7] Tenn. Code Ann. § 40-36-106(e)(2) & (4); *State v. Samuels*, 44 S.W.3d 489, 496 (Tenn. 2001).

[8] *Carpenter v. State*, 136 S.W.3d 608, 611-12 (Tenn. 2004).

[9] *State v. Taylor*, No. M2013-02386-CCA-R3CD, 2014 WL 2854807, at *3 (Tenn. Crim. App. June 23, 2014) (citing *Griffith*, 787 S.W.2d at 342).

2254 appears to be on point. The Tennessee Court of Criminal Appeals has held that a defendant's notice of appeal as to an initial community corrections sentence was untimely where the defendant challenged his community corrections sentence only after the trial court revoked the community corrections sentence and resentenced the defendant to a term of confinement.[10] The Court of Criminal Appeals went on to hold that a waiver of the timely appeal requirement would not serve the interests of justice because the defendant's "notice of appeal as to the imposed conditions [of the community corrections sentence] was untimely by nearly half a year, and that the conditions were challenged only after the revocation of the alternative sentence."[11] Applying this rule to case at bar, Petitioner had 30 days from the entry of the initial community corrections sentence in 2010 to appeal that judgment. Had Petitioner appealed his initial community corrections sentence in 2013 after the trial court revoked his community corrections sentence and resentenced Petitioner to a term of incarceration, the Tennessee Court of Criminal Appeals would not have entertained the appeal.

The same reasoning suggests that Petitioner's collateral attack on his initial community corrections sentence is now time-barred. The Court holds that where as here a habeas petitioner attacks an initial, community corrections conviction, the habeas statute-of-limitations runs from the time his initial, community corrections sentence became final. In this case Petitioner had one year from the date his initial, community corrections sentence became final in October 2010 to raise a collateral attack on that sentence. The fact that the Shelby County Criminal Court subsequently revoked the community corrections sentence and resentenced Petitioner in

---

[10] *State v. Riley*, No. M2013-00776-CCA-R3CD, 2013 WL 6835161, at *5 (Tenn. Crim. App. Dec. 23, 2013).

[11] *Id.*

September 2013 did not reset his AEDPA clock to challenge the initial sentence. Therefore, Respondent's Motion to Dismiss must be granted unless the doctrine of equitable tolling applies.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control."[12] The § 2254 limitations period is subject to equitable tolling.[13] "[T]he doctrine of equitable tolling is used sparingly by the federal courts."[14] "The party seeking equitable tolling bears the burden of proving he is entitled to it."[15] A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[16] Petitioner does not allege any circumstances justifying the application of equitable tolling. Ignorance of the law does not toll the limitations period, and Petitioner fails to demonstrate any circumstances beyond his control that would have interfered with a timely filing. Petitioner does not allege any concrete fact or circumstance that prevented him from filing a habeas petition under 28 U.S.C. § 2254 within one year of the expiration of his time for direct appeal.[17] It seems Petitioner brings this collateral attack now only because the trial court

---

[12] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted).

[13] *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).

[14] *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same).

[15] *Robertson*, 624 F.3d at 784.

[16] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[17] *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Harrison v. I.M.S.*, 56 F. App'x 682, 685-86 (6th Cir. 2003) (declining to apply equitable tolling when prisoner was

revoked a more favorable community corrections sentence and resentenced Petitioner to jail time. The fact then that Petitioner is now dissatisfied with his initial conviction provides no grounds for equitable tolling. The Court concludes that equitable tolling is not warranted in this case. Therefore, Respondent's second Motion to Dismiss is **GRANTED**. The Clerk will enter judgment in favor of Respondent. All other pending Motions are **DENIED** as moot.

## II.     Appeal Issues

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition.[18] The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.[19] A petitioner may not take an appeal unless a circuit or district judge issues a COA.[20] A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.[21] A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

ignorant of the filing deadline because, through his other contacts with the court, he "learned that his other documents he filed with the court had corresponding filing deadlines" and, therefore, he "knew or should have known that his application for a writ of habeas corpus also had a filing deadline"); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period.").

[18] *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005).

[19] Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

[20] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

[21] 28 U.S.C. §§ 2253(c)(2) & (3).

'adequate to deserve encouragement to proceed further.'"[22] A COA does not require a showing that the appeal will succeed.[23] Courts should not issue a COA as a matter of course.[24] In this case, there can be no question that the claim in this petition is barred by the statute of limitations. Because any appeal by Petitioner on the issue raised in this petition does not deserve attention, the Court **DENIES** a certificate of appealability.

For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appallate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[25]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 30, 2015.

---

[22] *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[23] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same).

[24] *Bradley*, 156 F. App'x at 773 (quoting *Slack*, 537 U.S. at 337).

[25] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).